UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYLA JERESE SCOTT, | |
| Plaintiff, | CASE NO. 3:16-CV-05834-DWC |
| v. | ORDER ON PLAINTIFF'S COMPLAINT |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff filed this action, pursuant to 42 U.S.C § 405(g), seeking judicial review of the denial of Plaintiff's application for Supplemental Security Income ("SSI") benefits. The parties have consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 5.

After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to properly evaluate the medical opinion of Plaintiff's examining psychologist.

1  Therefore, this matter is reversed and remanded, pursuant to sentence four of 42 U.S.C. § 405(g),
2  for further proceedings.

**PROCEDURAL& FACTUAL HISTORY**

On November 4, 2013, Plaintiff filed an application for SSI. *See* Dkt. 7, Administrative Record ("AR") 158-67.[1] Plaintiff alleges she became disabled on June 1, 2010, due to idiopathic intracranial hypertension, back pain, post-traumatic stress disorder, anxiety, depression, polycystic ovarian syndrome, gastroesophageal reflux disease, anemia, and corneal ulcers. *See* AR 158, 179. Plaintiff's application was denied upon initial administrative review and on reconsideration. *See* AR 47, 59. A hearing was held before an ALJ on January 20, 2015, at which Plaintiff, represented by counsel, appeared and testified. *See* AR 29.

On March 24, 2015, the ALJ found Plaintiff was not disabled within the meaning of Section 1614(a)(3)(A) of the Social Security Act. AR 21. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on August 8, 2016, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1, 20 C.F.R. § 404.981, § 416.1481. On September 29, 2016, Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision.

Plaintiff argues the denial of benefits should be reversed and remanded for further proceedings, because the ALJ erred by failing to properly evaluate the opinions of one examining and one treating physician. Dkt. 9, p. 1.

---

[1] Plaintiff also filed an application for Disability Insurance Benefits ("DIB") on August 20, 2013. AR 156-57. However, the application is not referenced again in the record. The Court notes Plaintiff does not have a prior work history. AR 169.

ORDER ON PLAINTIFF'S COMPLAINT - 2

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

## DISCUSSION

I.   Whether the ALJ Properly Evaluated the Medical Opinion Evidence.

**A.  Standard**

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). However, "[i]n order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester,* 81 F.3d at 831). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes*, 881 F.2d at 751). In addition, the ALJ must explain why the ALJ's own interpretations, rather than those of the doctors, are correct. *Reddick*, 157 F.3d at 725 (*citing Embrey,* 849 F.2d at 421-22). The ALJ "may not reject 'significant

probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

### B. Application of Standard

1. *Katrina Higgins, Psy.D.*,

Dr. Higgins examined Plaintiff on January 9, 2014. AR 412. During her interview, Plaintiff endorsed symptoms of depression and anxiety, and reported a history of emotional abuse. AR 412. On mental status examination, Plaintiff presented with a depressed and anxious mood, was occasionally "weepy", and demonstrated a range of affect "appropriate to the situation and subject of discussion." AR 415. Plaintiff displayed a mildly impoverished fund of information, impairments in her ability to perform math calculations, "fair to good" performance on attention and concentration measures such as serial 7's, and marginal to fair performance on measures of insight and judgment. AR 415-16. Dr. Higgins noted Plaintiff "completed tasks at an average pace and demonstrated good persistence." AR 415.

Dr. Higgins diagnosed Plaintiff with Major Depressive Disorder, recurrent, severe without psychotic features, with anxious distress, and rule-out Panic Disorder. AR 416. As a result of these conditions, Dr. Higgins opined Plaintiff would be able to: understand, remember, and carry out short and simple instructions without much difficulty; understand, remember, and carry out complex instructions provided adequate training and support; and make simple work related decisions without special supervision; interact appropriately with coworkers, supervisors, and the public. AR 417. However, Dr. Higgins also opined Plaintiff: may take slightly longer than average to master complex tasks due to mild deficits in concentration and short-term

retention of information; may have higher than average absenteeism due to her symptoms of depression; may have slow pace of task completion; and would likely not do well in a position with much responsibility. AR 417.

The ALJ gave some weight to the majority of Dr. Higgins' opinion. AR 19. But, the ALJ gave little weight to Dr. Higgins' opinion Plaintiff might have higher than average absenteeism, "because it appears the doctor relied heavily on the claimant's subjective report of symptoms and limitations, which are not fully credible for the reasons stated in this decision." AR 19. Plaintiff argues this was not a specific and legitimate reason for discounting Dr. Higgins' opined absenteeism limitation. The ALJ also discussed Dr. Higgins' opinion Plaintiff's pace of task completion may also be slow. AR 19. The ALJ did not discount this aspect of Dr. Higgins' opinion, but the ALJ also did not include this limitation in the residual functional capacity ("RFC"). AR 19. Plaintiff argues the ALJ erred by failing to offer any reasons for excluding Dr. Higgins' pace limitation in the RFC.

First, ALJ may discount a physician's opinion where the opinion is based to a large extent on a claimant's self-reports, and the ALJ has properly discounted a claimant's subjective symptom testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, Dr. Higgins did more than recapitulate Plaintiff's subjective reports; Dr. Higgins reviewed Plaintiff's medical records, conducted a clinical interview, and performed a mental status examination. AR 412-16. On examination, Plaintiff presented with depressed/anxious mood, and with impairments in memory, fund of information, ability to perform calculations, orientation to date, and in insight and judgment. AR 415-16. Dr. Higgins

also noted Plaintiff was tardy to her appointment. AR 415. These findings corroborate Dr. Higgin's opinions concerning Plaintiff's depressive symptoms; thus, the ALJ erred by concluding Dr. Higgins' opined absenteeism limitation was largely based on Plaintiff's subjective complaints.

Further, the ALJ's error is not harmless. During the ALJ hearing, the vocational expert testified an individual who had more than one unexcused absence per month would preclude employment in any job existing in significant numbers in the national economy. AR 44. Thus, the error is not "inconsequential to the ultimate nondisability determination," and warrants remand for further proceedings. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012).

Second, an ALJ is not required to adopt the opinion of an examining physician or psychologist; however, in order to reject all or part of a medical opinion, an ALJ must offer at least a specific and legitimate reason for doing so. *Nguyen*, 100 F.3d at 1466 (*citing Lester,* 81 F.3d at 831). An ALJ errs by purporting to give great weight to an examining physician, yet failing to include all of the physician's opined limitations into the RFC. *See Betts v. Colvin*, 531 Fed.Appx. 799, 800 (9th Cir. 2013) (finding the ALJ committed reversible error by purporting to give great weight to an examining physician, yet failing to include many of the physician's opined limitations in the RFC). However, when an ALJ incorporates all of a physician's opined limitations into a RFC finding, there is no harmful error. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (finding the ALJ correctly determined a treating physicians' report did not assign "any specific limitations on the claimant," but otherwise incorporated in the RFC what clinical observations the treating physician actually made). *See also Meanel v. Apfel,* 172 F.3d 1111, 1113-14 (9th Cir. 2000).

Here, Dr. Higgins opined Plaintiff may have a slow pace of task completion. AR 19. However, Dr. Higgins also opined Plaintiff was capable of: understanding, remembering, and carrying out short and simple instructions, making simple work related decisions without special supervision, and would only have difficulty in mastering "complex tasks," without any expressed limitation in Plaintiff's ability to perform simple tasks. AR 417. Further, in Dr. Higgins' examination report, she indicated Plaintiff "completed tasks at an average pace and demonstrated good persistence." AR 415. Based on Dr. Higgins' report and the other medical evidence of record, the ALJ limited Plaintiff to performing simple, routine tasks. AR 14. As the Ninth Circuit has previously noted, a restriction to simple, routine, repetitive tasks in the RFC adequately captures restrictions related to concentration, persistence, or pace. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

However, because the ALJ committed harmful error by improperly discounting Dr. Higgins' opined absenteeism limitation, the ALJ should reevaluate the balance of Dr. Higgins' opinions on remand.

2. *Stephen Hamilton, M.D.*

Dr. Hamilton was Plaintiff's treating neuro-ophthalmologist from May, 2013 through September, 2014. AR 472-86. Plaintiff was referred to Dr. Hamilton for treatment of her ongoing idiopathic intracranial hypertension and associated headache symptoms. AR 479-80. Throughout his treatment, Dr. Hamilton performed vision examinations which resulted in largely unremarkable findings. *See* AR 472-79. Dr. Hamilton prescribed medication for Plaintiff's ongoing headaches, which he continued to attribute to idiopathic intracranial hypertension. AR 472-79. However, Dr. Hamilton did not opine to any specific work related limitations. AR 472-86.

Though Dr. Hamilton's notes were included in the administrative record, the ALJ failed to discuss Dr. Hamilton's notes at all in the written decision. *See* AR 10-21. An ALJ need not discuss all evidence presented to him. *Vincent*, 739 F.2d at 1394-95. However, an ALJ must explain why "significant, probative evidence" has been rejected. *Id.* at 1395. Defendant argues the ALJ was not required to discuss Dr. Hamilton's notes because Dr. Hamilton did not opine to any functional limitations. Dkt. 10, p. 7. But, the ALJ discounted Plaintiff's subjective symptom testimony, in part, because the ALJ found Plaintiff's complaints of near-constant, low grade headaches inconsonant with Plaintiff's failure to seek treatment from a specialist. AR 17. As Dr. Hamilton is, in fact, a specialist who treated Plaintiff's headaches, Dr. Hamilton's notes are significant, probative evidence the ALJ was required to consider when evaluating Plaintiff's subjective symptom testimony. Further, as the case must be remanded due to the ALJ's error in evaluating Dr. Higgins' opinion, the ALJ should also reevaluate the medical evidence in light of Dr. Hamilton's treatment notes.

## **CONCLUSION**

Based on the foregoing reasons, the Court finds the ALJ erred by failing to properly evaluate Dr. Higgins' opinion, and by failing to consider Dr. Hamilton's treatment notes. Therefore, the Court orders this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a *de novo* hearing. On remand, the ALJ should reevaluate the medical opinion evidence and proceed on to Step Four and/or Step Five of the sequential evaluation as appropriate. The ALJ should also develop the record as needed. Judgment should be for Plaintiff and the case should be closed.

Dated this 8th day of March, 2017.

David W. Christel
United States Magistrate Judge